FILED
SUPERIOR COURT
OF GUAM

2019 JUN 25 PM 12: 59

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| **THE PEOPLE OF GUAM,** | ) | **Criminal Case No. CM0446-18** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECISION & ORDER** |
| | ) | |
| | ) | |
| **EDWINA K. RESELAP,** | ) | |
| DOB: 05/14/1990 | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 27, 2019 for a hearing on a submission by Defendant Edwina Reselap's ("Defendant") of a Motion to Dismiss. Defendant is represented by Assistant Public Defender Rocky Kingree, and Assistant Attorney General Sean Brown appeared on behalf of the People of Guam. After considering the facts of the case, and the applicable law, the Court now issues this Decision and Order granting the Defendant's Motion to Dismiss with prejudice.

## BACKGROUND

In the morning of August 25, 2018 police arrived at the scene of a crash that had occurred on Route 4 by the Hagatna Library. (Complaint at 2, Sep. 27, 2018). The Defendant, the vehicle's operator, was subsequently arrested after she admitted to drinking alcohol before operating the vehicle and was still displaying signs of intoxication. *Id.* At some point before the

filing of the Complaint, the Defendant was released from custody. (Affidavit of Service, Oct. 12, 2019). A Complaint was filled the following month charging the Defendant with Driving While Impaired (as a Misdemeanor). *Id.* at 1. An arraignment hearing was held on November 07, 2018, but was continued to December 5 because the Defendant did not appear at the hearing. (Minute Entry, Nov. 07, 2018). The Defendant appeared at the second arraignment hearing where the Public Defenders Service Corporation was appointed to represent her. (Minute Entry, Dec. 05, 2018). On February 21, 2019 the Defendant filed a Motion to Dismiss. (Notice of Mot., Feb. 21, 2019). The People did not file a response to the motion and did not oppose the dismissal at the hearing. (Minute Entry, Mar. 27, 2019). The Court subsequently took the matter under advisement. *Id.*

## DISCUSSION

The Defendant asks this Court to dismiss her case with prejudice for failure to bring her before a judge for a probable cause hearing her within forty-eight hours as required by 8 GCA § 45.10(a) and (c). (Mot. Dismiss at 3-4, Feb. 21, 2019). The People do not oppose dismissal of the Complaint, but request that dismissal be made without prejudice. (Court Recording at 3:44:30, Mar. 27, 2019). The statute reads in relevant part:

> § 45.10. Duty to Delivery Arrestee to Judge, or to Peace Officer.
>
> (a) An officer making an arrest under a warrant or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before a judge of the Superior Court.
> . . .
> (c) The person arrested shall in all cases be taken before the judge within forty-eight (48) hours after the arrest, except that when the forty-eight (48) hour period expires, it is the burden of the government to demonstrate that a bona fide emergency or an extraordinary circumstance existed.

8 GCA § 45.10(a) and (c). The only exception to the statute, 8 GCA §§ 25.10-30, authorizes the arresting officer to release a defendant so long as the officer provides the defendant with a

Notice to Appear containing the date which the defendant is to appear in Court, and forwards the Notice to the prosecutor. 8 GCA §§ 25.10-30. The prosecutor has the burden of proving that the delay in bringing the defendant before a judge was reasonable or that some extraordinary or emergency circumstance existed to excuse the delay. 8 GCA § 45.10 (a) and (c); *People v. Camacho*, 1999 Guam 27 ¶ 28 (although the statute sets a maximum time limit, the basic test always whether the delay was unreasonable).

The Defendant was arrested on August 25, 2018. (Complaint at 2). No Notice to Appear was issued. The Defendant asserts that she was held in custody over the forty-eight hour period. (Court Recording at 3:43:30-44:00). The record reflects that the Defendant was not served with a summons to appear before the Court until October 12, 2018—almost two months after her initial arrest. (Summons, Oct. 12, 2018). Based on summons, it appears that the Defendant was released at some point between August 25 and October 12. *Id.* However, the prosecutor has not provided any evidence to refute that the Defendant was held in custody for more than forty-eight hours after arrest; or any explanation as to why the Defendant did not have a scheduled appearance before a judge until November 07. Instead, it appears to the Court that the prosecutor agrees that the Defendant's rights were violated. (*See* Court Recording at 3:44:30). Accordingly, the Court finds that there is no good cause as to why the prosecutor failed to timely bring the Defendant before a judge in violation of 8 GCA § 45.10. 8 GCA §§ 45.10(a) and (c).

The Fourth Amendment of the United States Constitution requires a "fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty and this determination must be made by a judicial officer either before or promptly after arrest." *Gerstein v. Pugh*, 420 U.S. 103, 124-25, 95 S.Ct. 554 (1975); 48 U.S.C. § 1421b(c) (codifying

the language of the Fourth Amendment into the Organic Act of Guam). Title 8 Section 45.10 represents a codification of this requirement on Guam. *People v. Petros*, 1986 WL 68513 at *1 (D. Guam App. Div. 1986). The language of Guam's statute is based on Federal Rule of Criminal Procedure 5(a). 8 GCA §45.10 at Note; *see also People v. Camacho*, 1999 Guam 27 ¶ 28 (citing Fed. R. Crim. Pro 5(a) in relation to 8 GCA § 45.10).

Generally, the remedy for violations of Rule 5(a) is suppression of statements made by a defendant during the period of untimely delay between the defendant's arrest and his or her first appearance. *United States v. Cooke*, 853 F.3d 464, 471 (8th Cir. 2017); *See also United States v. Melendez*, 55 F. Supp. 2d 104, 107-08 (D. Puerto Rico 1999) (collecting cases). This Court has previously noted, however, that dismissal is a remedy for violations of Rule 5(a) in limited circumstances. *People v. Anastacio*, Superior Court Case No. CF0150-06 (Dec. & Order at 4, Jan 2, 2007) (citing *Melendez*, 55 F. Supp. 2d 104 (D. Puerto Rico 1999) and *United States v. Osunde*, 638 F. Supp. 171 (N.D. Cal. 1986)). In determining whether dismissal is warranted, courts consider the following factors: 1) whether there is any statement the court can suppress as a remedy for the violation; 2) whether the defendant was incarcerated solely as a result of the violation and was unlikely to be incarcerated otherwise; and 3) whether the delay in bringing the defendant before the magistrate was egregious. *Melendez*, 55 F. Supp. 2d at 109. Furthermore, where a defendant's first appearance was untimely and the defendant was not given nor signed a Notice to Appear pursuant to 8 GCA §§ 25.20 and 25.30, the dismissal is to be with prejudice. *Anastacio*, CF0150-06 (Dec. & Order at 4, Jan 2, 2007) (citing *People v. Dalzell*, Superior Court Case No. CM0696-04 (Dec. & Order, Jan 29, 2005)).

This Court finds that the facts of this case warrant dismissal with prejudice. The People do not dispute that the Defendant was not timely brought before a magistrate in violation of 8

GCA § 45.10. Neither have the People produced evidence that the Defendant signed or was given a Notice to Appear pursuant to 8 GCA §§ 25.20 and 25.30. During the Defendant's unnecessary detention from the time of her arrest to her release, the Defendant made no statement which the Court could suppress as a viable remedy. Additionally, the magistrate judge's release of the Defendant on personal recognizance demonstrates that she was unnecessarily detained solely as a result of the People's failure to bring her before a judge within forty-eight hours in violation of 8 GCA § 45.10. (Minute Entry, Dec. 5, 2018). The only factor in the People's favor is that the Defendant has not demonstrated that the delay in her first appearance was egregious, as the record reflects that the Defendant was released sometime between August 25, 2018 and October 12, 2018 and the Court has been left to merely speculate the length of time the Defendant was detained beyond the forty-eight hour period after her arrest. (Affidavit of Service, October 12, 2018) (Defendant was personally served at her apartment in Toto). However, the Court has already held that dismissal of a complaint with prejudice is warranted simply where a defendant has not been given a Notice to Appear and whose first appearance has been untimely delayed. *Anastacio*, CF0150-06 (Dec. & Order at 4, Jan. 2, 2007) (citing *Dalzell*, CM0696-04 (Dec. & Order, Jan 29, 2005)). The present case before the Court presents exactly those facts. Accordingly, the Court shall dismiss the Complaint against the Defendant with prejudice.

///

## CONCLUSION

For the forgoing reasons, the Defendant's Motion to Dismiss is **GRANTED**. **IT IS HEREBY ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** on this 25th day of June, 2019.



---

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA **COURT BOX**
I acknowledge that a copy of the
original hereto was placed in the
court box of ꓷ SC

Date: 6/20/19  Time: ꓷ

Deputy Clerk, Superior Court of Guam